UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2006[*]
Decided November 2, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2527

| | |
|---|---|
| TOMMY E. LAMPLEY,<br>    *Plaintiff-Appellant,*<br><br>      *v.*<br><br>DANIEL R. McBRIDE, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:03 CV 338<br><br>Andrew P. Rodovich,<br>*Magistrate Judge.* |

**O R D E R**

Indiana inmate Tommy Lampley filed this *pro se* suit under 42 U.S.C. § 1983, bringing various Eighth Amendment and retaliation claims against employees of the Indiana Department of Correction. Following a three-day bench trial, a magistrate judge presiding with the parties' consent entered judgment in favor of the defendants. Lampley appeals, but because he has failed to provide us with a trial transcript, we must dismiss his appeal. *See* Fed. R. App. P. 10(b)(2).

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Lampley's amended complaint alleged three incidents, each involving different prison employees.  First, Lampley claimed that prison employees were deliberately indifferent to his safety on June 19, 2002 by failing to secure a door—thereby allowing an inmate to attack him—and then by not treating his injuries.  Second, Lampley claimed that guards used excessive force and retaliated against him for filing complaints and lawsuits when a guard bit his finger during an altercation on June 28, 2002.  Finally, Lampley claimed that on July 12, 2003, guards retaliated against him when they removed—and did not return—personal property from his cell after his cell was smeared with feces.  In an order dated August 18, 2006, the magistrate judge observed that he had rejected as incredible virtually all of Lampley's evidence on these claims.

Lampley argues on appeal that the judge should have believed his witnesses rather than the defendants'.  Lampley also argues in general terms that "exhibits that were entered into evidence to back up [his] allegations . . . were ignored by the Magistrate Judge during trial and during the decision at the end of trial."

We will not disturb a district court's factual and credibility determinations unless they are clearly erroneous.  *See* Fed. R. Civ. P. 52(a); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 447 (7th Cir. 2006); *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1044 (7th Cir. 2002).  But Lampley's appeal faces another obstacle: we cannot conduct any meaningful appellate review of the trial record and the district court's findings because Lampley has not included a trial transcript in the record.  *See Piggie v. Cotton,* 342 F.3d 660, 663 (7th Cir. 2003); *LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995).  Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."  Fed. R. App. P. 10(b)(2); *see Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 731 n.10 (7th Cir. 2003).  Without the transcript, "we are unable to evaluate the evidence submitted in this case." *Hotaling v. Chubb Sovereign Life Ins. Co.,* 241 F.3d 572, 581 (7th Cir. 2001) (citation omitted).

Since all of Lampley's arguments require us to evaluate the evidence presented at trial, all of his arguments are forfeited by virtue of his failure to supply us with a transcript, and we may therefore dismiss his appeal.  *See LaFollette*, 63 F.3d at 544 ("dismissal is the appropriate course if the absence of a complete record precludes meaningful appellate review"); *Woods v. Thieret*, 5 F.3d 244, 245-46 (7th Cir. 1993) (dismissing appeal of *pro se* plaintiff for failure to provide transcript).

Lampley asked the district court to provide a transcript at public expense, but that is not required if the district court believes the appeal is frivolous, as the judge so certified here when he denied Lampley's request.  *See* 28 U.S.C. § 753(f);

*United States v. MacCollom*, 426 U.S. 317 (1976). And we agree with the judge's stated reasons that any challenge to the district court's credibility determinations would be frivolous because we do not re-weigh such determinations on appeal. Lampley did not renew his request to receive a free copy of the transcript before this court or otherwise argue that the district court's order regarding the transcript was erroneous.

Accordingly, his appeal is DISMISSED.